UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON PARNELL STONE, | No. 2:16-cv-1242 KJN P |
| Petitioner, | |
| v. | ORDER |
| WARDEN K. NASH, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c).

On July 20, 2016, petitioner was ordered to show cause why this action should not be dismissed based on his failure to comply with the June 10, 2016 order. On August 1, 2016, petitioner filed a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, and in compliance with the June 10, 2016 order. Thus, the order to show cause is discharged. Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit. Accordingly, the request for leave to proceed in forma pauperis is granted. See 28 U.S.C. § 1915(a).

The court's records reveal that petitioner has previously filed an application for a writ of habeas corpus attacking the conviction and sentence challenged in this case. Petitioner previously

challenged his sentence in <u>Stone v. Martel</u>, No. 2:10-cv-3454 KJM GGH P,[1] which was denied on the merits on March 26, 2012.[2]  Before petitioner can proceed with the instant application, he must move in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider the application.  28 U.S.C. § 2244(b)(3).  Therefore, petitioner's application must be dismissed without prejudice to its re-filing upon obtaining authorization from the United States Court of Appeals for the Ninth Circuit.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The order to show cause (ECF No. 5) is discharged;

2. Petitioner's application to proceed in forma pauperis (ECF No. 6) is granted; and

3. This action is dismissed without prejudice.

Dated:  August 12, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/ston1242.succ

---

[1]  <u>See</u> ECF No. 17-2 Ex. 2 at 13-14 (Order, filed on January 10, 2011, summarizing petitioner's grounds for relief as including a challenge to the duration of his sentence); <u>id.</u> Ex. 4 at 18-20 (Findings and Recommendations, filed November 18, 2011, recommending that respondent's motion to dismiss the petition as time-barred be granted); <u>id.</u> Ex. 5 at 22-24 (Order, filed March 26, 2012, granting respondent's motion to dismiss the petition).  By order filed March 26, 2012, the district judge declined to issue a certificate of appealability.  <u>Id.</u> at 24.

[2]  Petitioner subsequently filed other challenges to his sentence.  On May 7, 2014, he filed a habeas petition in Case No. 2:14-cv-1164 WBS DAD P, in which he alleged that the sentence imposed on him violated the Double Jeopardy Clause, that he had completed his sentence as of March 15, 2014, and that his sentence was no longer effective.  On November 4, 2014, the district court granted respondent's motion to dismiss the petition as successive, and declined to issue a certificate of appealability.  <u>See id.</u>, ECF No. 17-2 Ex. 8 at 49-51.

On November 17, 2014, petitioner purportedly filed a petition pursuant to 28 U.S.C. § 2241, which the court construed as a petition under 28 U.S.C. § 2254, because petitioner challenged the constitutionality of his current detention arguing that his sentence was being carried out in an "erroneous" manner due to a miscalculation of the maximum authorized sentence, which he contended could not exceed eight years.  Case No. 2:14-cv-2696 JAM AC P.  On November 23, 2015, respondent's motion to dismiss was granted on the ground that the petition was successive, and the district court declined to issue a certificate of appealability.  <u>Id.</u>, ECF No. 26.